UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
JOSE A.V.,

                        Plaintiff,        <u>DECISION AND ORDER</u>
                                            1:24-cv-07410-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In January of 2022, Plaintiff Jose A.V.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by the Law Office of Charles E. Binder and Harry Binder, LLP, Charles E. Binder, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8).

This case was referred to the undersigned on May 14, 2025. Presently pending are the parties' competing requests for judgment on the

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure.

For the following reasons, Plaintiff's request is due to be granted, the

Commissioner's request is denied, and this case is remanded for further

proceedings.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on January 28, 2022, alleging disability

beginning April 11, 2020. (T at 10).[2]  Plaintiff's application was denied

initially and on reconsideration.  He requested a hearing before an

Administrative Law Judge ("ALJ").

A hearing was held on August 4, 2023, before ALJ Mark Solomon. (T

at 44-73). Plaintiff appeared with an attorney and testified. (T at 51-64). The

ALJ also received testimony from April Rosenblatt, a vocational expert. (T

at 64-71).

### B.    ALJ's Decision

On November 16, 2023, the ALJ issued a decision denying the

application for benefits. (T at 17-39).  The ALJ found that Plaintiff had not

engaged in substantial gainful activity since April 11, 2020 (the alleged

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 9.

onset date) and meets the insured status requirements of the Social Security Act through December 31, 2025 (the date last insured). (T at 22).

The ALJ concluded that Plaintiff's left hip bursitis; rheumatoid arthritis; rotator cuff syndrome; left shoulder impairment status-post surgery; diabetes mellitus; and obesity were severe impairments as defined under the Act. (T at 22).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 23).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: he can sit for six hours out of an eight-hour workday, stand/walk for up to six hours, and lift/carry up to twenty pounds occasionally and up to ten pounds frequently; frequently climb, balance, stoop, kneel, crouch, and crawl; must avoid concentrated exposure to respiratory irritants and can reach overhead occasionally with the left upper extremity. (T at 24).

The ALJ concluded that Plaintiff could perform his past relevant work as a silk screen cutter/printer and screen print machine operator. (T at 23).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between April 11, 2020 (the alleged onset date) and November 16, 2023 (the date of the ALJ's decision). (T at 32-33).

On August 12, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

### C.    Procedural History

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on October 1, 2024. (Docket No. 1).  On February 18, 2022, Plaintiff filed a brief in support of his request for judgment on the pleadings. (Docket No. 13).  The Commissioner interposed a brief in opposition to Plaintiff's request and in support of a request for judgment on the pleadings on April 11, 2025. (Docket No. 14).  On April 25, 2025, Plaintiff submitted a reply brief in further support of his request. (Docket No. 15).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial

4

evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted.  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff raises two main arguments in support of his request for reversal of the ALJ's decision.  First, Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed, which undermines the RFC determination. Second, he challenges the ALJ's analysis of his subjective complaints.  This Court will address both arguments in turn.

A.   *Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff's application for benefits was after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. See 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. See 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)). The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. See 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

The instant case contains multiple medical opinions. The Court will summarize those opinions and then turn to the ALJ's analysis.

### 1. Treating Providers' Opinions

Dr. Robert Fafalek, Plaintiff's treating rheumatologist, completed a rheumatoid arthritis questionnaire in November of 2021. Dr. Fafalek, who treated Plaintiff monthly for more than 21 years, noted a diagnosis of

rheumatoid arthritis and characterized Plaintiff's prognosis as "fair." (T at 958).  He opined that Plaintiff would have moderate difficulty with grasping, turning, and twisting objects; and marked impairment in using his fingers and hands for fine manipulation and using his arms for reaching. (T at 959).

Dr. Fafalek assessed that Plaintiff could sit for 2 hours in an 8-hour workday and stand/walk for 1 hour in an 8-hour workday. (T at 961).  He limited Plaintiff to lifting 10 pounds, described Plaintiff's pain as constant, and opined that he would be absent from work 2 to 3 times per month due to his impairments or treatment. (T at 963).

Dr. Luis Guerrero, an internist, completed an arthritis impairment questionnaire in November of 2021.  He had been treating Plaintiff for approximately 20 months. (T at 965).  Dr. Guerrero opined that Plaintiff could sit, stand, or walk for 1 hour in an 8-hour workday; could occasionally lift/carry up to 20 pounds; and would frequently experience pain, fatigue, or other symptoms severe enough to interfere with his attention and concentration. (T at 969-70).  He believed Plaintiff would need to take unscheduled breaks at unpredictable intervals during a workday and would be absent from work 2 to 3 times per month due to his impairments or treatment. (T at 971).

Dr. Yossef Blum, an orthopedist, completed a hip impairment questionnaire in December of 2022.  Dr. Blum treated Plaintiff every 3 months for nearly two years. (T at 1661).  He diagnosed osteoarthritis of the left hip and described Plaintiff's condition as "chronic," although he noted that Plaintiff's symptoms "may improve intermittently." (T at 1661).

Dr. Blum opined that Plaintiff could sit for 6 hours in an 8-hour workday and stand/walk for 3 hours in an 8-hour workday. (T at 1664).  He believed Plaintiff could occasionally lift/carry up to 50 pounds. (T at 1664). Dr. Blum reported that Plaintiff would frequently experience pain, fatigue, or other symptoms severe enough to interfere with his attention and concentration and would be absent from work 2 to 3 times per month due to his impairments or treatment. (T at 1665-66).

In June of 2023, Dr. Fafalak completed a second rheumatoid arthritis questionnaire, which reaffirmed the findings in his earlier assessment. (T at 1810-16).

### 2. Consultative Examiners' Opinions

Dr. Laiping Xie performed a consultative examination in April of 2022. Dr. Xie diagnosed left shoulder pain, right wrist and left hip pain, diabetes, hypertension, and asthma. (T at 1402).  Dr. Xie opined that Plaintiff had moderate limitation with lifting, carrying, pulling, prolonged standing,

walking, climbing stairs, and squatting. (T at 1402).  Dr. Xie also reported that Plaintiff should avoid respiratory irritants. (T at 1402).

Dr. Susan Dantoni performed a consultative examination in August of 2022.  Dr. Dantoni diagnosed rheumatoid arthritis causing hand pain, wrist swelling, occasional leg swelling, and elbow pain; torn labrum of the left hip; numbness on the right side; high blood pressure; and diabetes. (T at 1478).  She opined that Plaintiff had moderate to marked limitation with respect to walking, standing, climbing stairs, kneeling, lifting, and carrying. (T at 1478).  Dr. Dantoni assessed mild impairment as to Plaintiff's ability to handle objects, but no limitation with respect to sitting, reaching, hearing, seeing, or speaking. (T at 1478).

### 3. State Agency Review Consultants' Opinions

In May of 2022, Dr. R. Mohanty, a non-examining State Agency review physician, opined that Plaintiff could occasionally lift and/or carry 20 pounds; frequently lift and/or carry ten pounds; stand and/or walk for more than six hours in an eight-hour workday; sit more than six hours in an eight-hour workday; and could perform unlimited pushing and/or pulling ability. (T at 82-83). Dr. Monhanty believed Plaintiff could frequently climb ramps, stairs, ladders, ropes, and scaffolds; balance; stoop; kneel; crouch; and

crawl, but should avoid even moderate exposure to fumes, odors, dust, gases, and poor ventilation. (T at 84).

In September of 2022, another State agency medical consultant, Dr. M. Kirsch, opined that Plaintiff could occasionally lift and/or carry 20 pounds; frequently lift and/or carry ten pounds; stand and/or walk for more than six hours in an eight-hour workday; sit more than six hours in an eight-hour workday; and had unlimited pushing and/or pulling ability. (T at 101-03).

Dr. Kirsch also opined that Plaintiff could frequently climb ramps, stairs, ladders, ropes, and scaffolds; balance; stoop; kneel; crouch; and crawl, but should avoid even moderate exposure to fumes, odors, dust, gases, and poor ventilation. (T at 103).

### 4. ALJ's Analysis

The ALJ found all the treating and examining physicians' opinions unpersuasive. (T at 30-32). In sum, the ALJ objected to some of the physicians' use of the term "moderate" to describe Plaintiff's limitations, finding that term vague. (T at 30-31). The ALJ further found the assessments of impairment in Plaintiff's ability to meet key demands of light work inconsistent with the record, including clinical examination findings,

reports that Plaintiff was "doing well," and Plaintiff's activities of daily living. (T at 30-32).

The ALJ concluded that the assessments of the State Agency review consultants were "generally persuasive," although the ALJ did not accept the environmental limitations included in those opinions. (T at 29-30).

The Court finds that the ALJ's analysis of the medical opinion evidence cannot be sustained. Here's why.

First, the ALJ discounted six opinions from treating and examining providers as inconsistent with his reading of the record without considering the important consistency of the opinions *with each other*.

In other words, the ALJ erred by failing to account for the significant fact that the shared view of *all* the treating and examining medical providers was that Plaintiff was materially more limited than the ALJ's RFC determination. *See Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2020 WL 3969879, at *7 (D. Vt. July 14, 2020)("Moreover, the ALJ should have considered that the opinions of Stephens and Dr. Lussier are consistent with each other."); *Malia Ann B. v. Comm'r of Soc. Sec.*, No. 5:21-CV-1362-AMN-CFH, 2023 WL 2838054, at *7 (N.D.N.Y. Feb. 23, 2023), *report and recommendation adopted*, No. 5:21-CV-1362-AMN-CFH, 2023 WL 2623865 (N.D.N.Y. Mar. 24, 2023)(collecting cases holding that

"the ALJ is obligated to discuss the consistency of a medical opinion with the other evidence in the record, which necessarily includes other medical opinions").

ALJs should use caution when substituting their view, as here, of the clinical record for the shared sense and considered judgment of multiple treating and examining physicians. *See Amarante v. Commissioner of Social Security*, No. 16-CV-0717, 2017 WL 4326014 at *10 (S.D.N.Y. Sept. 8, 2017) (remanding where ALJ "improperly assume[d] the mantle of a medical expert"); *see also Bienvenido J.P. v. Commissioner of Social Security*, No. 20-CV-9270, 2022 WL 901612, at *5 n. 3 (S.D.N.Y. March 28, 2022) ("The ALJ remains a layperson and should not 'assume the mantle of a medical expert….'"); *Balotti v. Comm'r of Soc. Sec.*, No. 20-CV-8944 (RWL), 2022 WL 1963657, at *6 (S.D.N.Y. June 6, 2022).

Second, the ALJ's reading of the record was selective.

Dr. Fafalak referenced lab testing showing a positive rheumatoid factor and clinical evidence of pain, inflammation, and/or limitation of movement in Plaintiff's shoulders, knees, ankles, feet, hips, elbows, fingers, and wrists, an abnormal gait, abnormal posture, tenderness in all joints, redness in all joints, joint deformity, and joint warmth (T at 959-960, 964, 1811-1812, 1816). Dr. Guerreo noted findings of limited motion and joint

tenderness, along with decreased grip strength in the right hand. (T at 965-67).  Dr. Blum relied on imaging of the hip and clinical evidence of limited motion of the left hip, an abnormal gait, positive Trendelenburg test, positive Febere test, and groin pain (T at 1661-1662, 1667).

In addition, x-rays revealed arthritic changes of the hip (T at 1662); an MRI of the hip evidenced cartilage softening, possible labral tear, and degenerative fraying of the superior labrum (T at 1185); an EMG showed right L5-S1 lumbar radiculopathy (T at 931-932); and nerve conduction testing was consistent with right-sided lateral femoral cutaneous neuropathy (T at 1376).

Clinical examinations also documented swelling of the joints (T at 974, 977, 980, 2342, 2351, 2360); pain in the ankle with range of motion (T at 974, 980, 2342, 2351, 2360); pain in the left shoulder (T at 696, 974, 977, 980, 2342, 2351, and 2360); pain in the right foot (T at 974, 977, 980, 2342, 2351, 2360); trochanteric tenderness on the left (T at 751, 1152, 1195); decreased sensation of the legs (T at 715, 876, 933, and 1375); tenderness of the greater tuberosity (T at 1224); positive impingement sign (T at 1224 and 1679); limited motion in the spine (T at 933); positive straight leg raising tests (T at 933); lumbar paraspinal spasms at L4-5 and

L5-S1 (T at 933); pain with left hip range of motion (T at 1195); lumbar tenderness (T at 778; 1365-1366); and abnormal gait (T at 1375).

The ALJ cannot "simply pick and choose from the transcript only such evidence that supports his determination, without affording consideration to evidence supporting the plaintiff's claims." *Sutherland v. Barnhart*, 322 F. Supp. 2d 282, 289 (E.D.N.Y. 2004). "It is grounds for remand for the ALJ to ignore parts of the record that are probative of the claimant's disability claim." *Id.* (citing *Lopez v. Sec'y of Dept. of Health and Human Services*, 728 F.2d 148, 150–51 (2d Cir.1984) ("We have remanded cases when it appears that the ALJ has failed to consider relevant and probative evidence which is available to him.")); *see also Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999); *Smith v. Bowen*, 687 F. Supp. 902, 904 (S.D.N.Y. 1988) ("[The ALJ] cannot pick and choose evidence that supports a particular conclusion.") (citing *Fiorello v. Heckler*, 725 F.2d 174, 175-76 (2d Cir. 1983)).

Third, the ALJ erred by finding the non-examining State Agency consultants' opinions persuasive even though they appeared to be stale.

Dr. Mohanty reviewed the record in April of 2022, a year and a half before the ALJ's decision, and did not have the benefit of reviewing the opinions of Dr. Dantoni or Dr. Blum or the second assessment from Dr.

Fafalek. Dr. Kirsch, who reviewed the record in September of 2022, likewise did not have the opportunity to consider the assessment of Dr. Blum and/or the second opinion from Dr. Fafalek.

The State Agency review consultants' assessments thus cannot constitute substantial evidence sufficient to support the ALJ's decision. *See Shawn H.*, 2020 WL 3969879, at *8 ("Naturally, if nonexamining agency consultants have reviewed only part of the record, their opinions 'cannot provide substantial evidence to support the ALJ's [RFC] assessment if later evidence supports the claimant's limitations.'")(citations omitted).

Lastly, to the extent the ALJ believed the physicians' use of the term "moderate" was vague and/or that their assessments were not sufficiently supported or explained, he erred by discounting all six of the treating and examining opinions without re-contacting the providers to request clarification.

The Court, therefore, finds a remand required for proper consideration of the medical opinion evidence. *See Piscope v. Colvin*, 201 F. Supp. 3d 456, 464 (S.D.N.Y. 2016)("Given the conflicts in the medical evidence, and in light of the ALJ's decision to grant none of the medical opinions full weight, the record calls for enhancement through inquiries to

the treating physicians or consultants that might shed light on the import of their opinions and the conflicts the ALJ identified.").

### B.    Subjective Complaints

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted).

Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec*., 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's subjective complaints.

First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.  This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than

medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's subjective complaints, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

Here, Plaintiff testified as follows: he stopped working in March 2020 while awaiting surgery for his right hand (T at 51). He has serious problems with his left hip but was advised he is too young to have a hip replacement (T at 52). He uses a cane when he leaves his home but cannot walk more than two blocks (T at 52-53). He can stand for 15 to 30 minutes and sit for 90 to 120 minutes, but then needs to lie down for an extended period to recover. (T at 53-54).  He experiences difficulties with his left shoulder and right hand. (T at 54, 57). Plaintiff lives with his wife and occasionally needs assistance dressing and attending to household chores. (T at 55-56).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that Plaintiff's statements as to the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the record. (T at 25).

The ALJ's errors in assessing the medical opinion evidence, as discussed above, necessarily undermine his consideration of Plaintiff's subjective complaints, which were supported by, and consistent with, the opinions of the treating and examining medical providers.

Moreover, Plaintiff has an extensive work history (T at 276-78), which the ALJ should have considered as an important factor tending to support his subjective complaints. *See Rivera v. Schweiker*, 717 F.2d 719, 725 (2d Cir. 1983)("A claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability."); *see also Cahill v. Colvin*, No. 12 CIV. 9445 PAE MHD, 2014 WL 7392895, at *26 (S.D.N.Y. Dec. 29, 2014).

### C.    Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d

377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *Hughes v. Colvin*, No. 15-CV-181S, 2017 WL 1088259, at *6 (W.D.N.Y. Mar. 23, 2017)(noting that "a claimant with an established history of employment is unlikely to be 'feigning disability'")(citation omitted)(collecting cases).

The Court finds a remand necessary for proper consideration of the medical opinion evidence and Plaintiff's subjective complaints.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's request for judgment on the pleadings is GRANTED; the Commissioner's request for judgment on the pleadings is DENIED; and this case is REMANDED for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of Plaintiff and then close the file.

Dated: July 14, 2025                     *s / Gary R. Jones*

                                                GARY R. JONES
                                                United States Magistrate Judge